Hxiian, C. J.
Defendants obtained an order of seizure and'sale. of certain lands in Burtheville, to enforce .the payment" of the unpaid part of the price, with interest thereon, for the sale of the land, and other , rights and privileges made by them to plaintiff.
The sale of the land, und.er the order of seizure and sale, was inhibited .by an injunction obtained by plaintiff, who averred, to procure it, ■ that he purchased the land from the defendants as urban property, in Burthe.ville, with a stipulation that a plan made by Hedin, surveyor, should be .amended by suppressing portions of certain streets running through it-." .That in and by the contract of sale he acquired a right of-way oyer the streets exhibited on the plan as agreed to be amended, and particularly Over Henry Clay Avenue and Levee street, by which the land .sold to him' was- bounded; that defendants had refused to allow him to exercise his right of way, and had kept the streets closed; that defendants had, by .keeping the streets closed, deprived him of the right of taking earth from-one of the squares or islets of ground exhibited on the plan, and- located-.between Levee and Nayades streets, they having. expressly stipulated in' the sale to- grant him that privilege, and that they had lost .the right- of enforcing payment until they complied with these obligations, stipulated in the sale. -
Defendants filed a general denial to plaintiff’s allegations, and prayed that the injunction might be dissolved, with damages.
The District Court decreed, that the injunction should be maintained at defendants’ costs; that the injunction should remain in force until defendants opened Henry Clay Avenue and Levee street, and allowed the plaintiff the enjoyment of servitixde on the avenue, and until they amended the plan of Burtheville, in conformity with the judgment in. case No. 11,889, and delivered to the plaintiff a plan of the land sold by them to him in Burtheville, according to the plan of Hedin, amended as agreed upon. It further decreed, that upon defendants’ complying with the above conditions, they might be authorized to enforce their claim, except the interest that had accrued, and that they should -be allowed interest only from the time of their compliance with the decree. From this judgment defendants have appealed.
The evidence shows that the plaintiff bought the land ordered to be seized and sold, a servitude of right of way on Henry Clay Avenue;, and *511 other rights and privileges from defendants, and agreed to pay for them in mass a certain sum.
It also discloses, that the defendants did not permit to plaintiff the right of way on the avenue, but kept it closed by fences, and that when plaintiff attempted to use his right, they, by process of Court, prevented him from using it, and so prevented him when the order of seizure and sale was obtained, and the injunction procured.
We have only stated these few facts out of the many proved, as they alone are sufficient for our decision.
The order of seizure and sale is a harsh remedy, and when a creditor obtains such order against his debtor’s property, he should have so complied with his stipulations in the contract, on which he bases his claim, as to give him a right to pursue for the amount granted in the order.
It is apparent that the defendants are not entitled to the full amount, for which the order of seizure and sale was granted, until they permit the servitude of the right of way to be exercised by plaintiff, and comply with their other engagements in the contract of sale. The delivery of the land to plaintiff did not give them the right to claim the whole price, while the enjoyment of other property, which was one of the objects of the sale, and which formed a part of the price, is refused by them to him.
In 5th Annual, 578, where the facts were similar to those in this case, it was decided that a judgment arresting an order of seizure was not erroneous.
It is difficult to ascertain the reasons for that part of the decree of tlm lower Court, which deprives the defendants of all interest up to the time of their compliance with the preceding part of the decree.
The plaintiff, in his pleadings, has not asked that the defendants should be deprived of interest, and, until he does so, it will not be proper to' decide how much interest defendants shall be deprived of by their noncompliance in part with their contract of sale.
The defendants objected to the admission of the evidence of Surveyor Williams, that the obstructions of defendants to plaintiff’s enjoyment of some of the objects of the sale still existed.
Their objection was overruled by the Judge, and the evidence admitted.
They excepted to the ruling of the Judge, and filed their bill of exceptions.
Their objections to the admission of the evidence was, that the matters to which the evidence referred, had been settled between the parties in the decision in the case No. 11,889, which plaintiff may execute, and cannot abstain from so doing, and set up the same matters against the collection of their claim.
The decision in that suit was, that defendants should perform such of these obligations in the sale to plaintiff as they had not fulfilled.
We perceive no reason why plaintiff could not prove that defendants had not complied with their contract of sale, because a Court had ordered them to do what their contract bound them to do.
Let the judgment of the District Court be reversed, and let the injunction granted in this case be perpetuated; the cost of appeal to be borne by the plaintiff; those of the District Court, to be borne by defendants.
Rehearing refused.